IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BILLY JOE JENKINS                                                                                             PLAINTIFF

v.                                          Civil No. 1:19-cv-01063

NURSE STEPHANIE HOLMES, Ouachita
County Jail; and JAIL ADMINISTRATOR
CAMRON OWENS, Ouachita County Jail                                              DEFENDANTS

## **ORDER**

Plaintiff Billy Joe Jenkins filed this 42 U.S.C. § 1983 action *pro se* on December 17, 2019. (ECF No. 1). On February 13, 2020, the parties consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 14). Before the Court is Plaintiff's failure to comply with orders of this Court.

On September 16, 2020, Defendants filed a Motion for Summary Judgment. (ECF No. 20). That same day, the Court entered an order directing Plaintiff to file a response to Defendants' motion by October 7, 2020. (ECF No. 23). The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has not complied with this Court's order to file a response to the motion and the order has not been returned as undeliverable.

On October 8, 2020, the Court directed Plaintiff to show case as to why he failed to file a response to Defendants' motion. (ECF No. 28). This order informed Plaintiff that failure to show cause by October 19, 2020, would result in this case being dismissed. To date, Plaintiff has not responded to the Court's show cause order and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of this Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this **9th day of November 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE